## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID D'AMATO, an individual residing in New York and successor in interest to CHAMPION GRAPHICS, INC., | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE, DECLARATORY, AND OTHER RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| ECHL, INC., a NEW JERSEY corporation, | |
| ORLANDO PRO HOCKEY OPERATIONS, LP, a FLORIDA limited partnership, | |
| JASON SIEGEL, | |
| BOB OHRABLO, and | |
| JOE HALESKI | |
| Defendants. | |

Plaintiff DAVID D'AMATO, by his attorney, KLOSS, STENGER & LOTEMPIO, for

his Complaint against the Defendants, ECHL, INC. ("ECHL"), ORLANDO PRO HOCKEY

OPERATIONS LP ("OPHO"), Jason Siegel, Bob Ohrablo, and Joe Haleski (collectively,

"Defendants") alleges as follows:

## **PARTIES**

1.  Plaintiff, DAVID D'AMATO (hereinafter "Mr. D'Amato") is a resident of the city of

Clarence Center, and the State of New York and is the successor in interest to Champion

Graphics, Inc.

2.  On information and belief, Defendant, ECHL, is a New Jersey corporation with its principal place of business at 116 Village Blvd, Suite 230, Princeton, New Jersey 08540, which has done business, including wrongful actions alleged herein, in the State of New York and in this District.

3.  On information and belief, Defendant, OPHO, is a Florida limited partnership with its principal place of business at 8701 Maitland Summit Blvd., Orlando, FL 32810, which has done business, including wrongful actions alleged herein, in the State of New York and in this District.

4.  On information and belief, Defendant, Jason Siegel, is an individual residing in the State of Florida at 8701 Maitland Summit Blvd., Orlando, FL 32810, which has done business, including wrongful actions alleged herein, in the State of New York and in this District.

5.  On information and belief, Defendant, Bob Ohrablo, is an individual residing in the State of Florida at 8701 Maitland Summit Blvd., Orlando, FL 32810, which has done business, including wrongful actions alleged herein, in the State of New York and in this District.

6.  On information and belief, Defendant, Joe Haleski, is an individual residing in the State of Florida at 8701 Maitland Summit Blvd., Orlando, FL 32810, which has done business, including wrongful actions alleged herein, in the State of New York and in this District.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over the claims relating to Federal Common Law Trademark Infringement pursuant to 15 U.S.C.  1125(a); Federal Unfair Competition pursuant to 15 U.S.C.  1125(a); Federal Trademark Dilution pursuant to 15 U.S.C. § 1125(c); Federal Copyright Infringement pursuant to 17 U.S.C. § 501 *et seq.*

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332, 1338(a) and 1338(b). This Court also has subject matter jurisdiction over this action

2

pursuant to the Lanham Act, 15 U.S.C. § 1121, and federal supplemental jurisdiction under 28 U.S.C. § 1367.

9.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 as Mr. D'Amato resides in and is doing business in this District and the Defendants may be found and transact business in this District and a substantial part of the events giving rise to the claims alleged herein occurred and are continuing to occur in this District.

11. This Court has subject matter jurisdiction to deny registration for a trademark or service mark application involved in an opposition in the TTAB pursuant to 15 U.S.C. § 1121.

## FACTUAL BACKGROUND

12. Commencing at least as early as 1985, Mr. D'Amato and his predecessor in interest began using the mark and design SOLAR BEARS in interstate commerce on products. Which have included, but are not limited to, items of children's clothing and apparel, such as t-shirts, sweats, and bibs (hereinafter D'AMATO'S PRODUCTS).

13. Commencing at least as early as 1985, Mr. D'Amato and his predecessor in interest have continuously engaged, without interruption, in the advertising, manufacture, distribution and sale of D'AMATO'S PRODUCTS in association with Mr. D'Amato's SOLAR BEARS trademark in the United States.

14. Commencing at least as early as 1985, Mr. D'Amato and his predecessors in interest have continuously, and without interruption, sold D'AMATO'S PRODUCTS bearing Mr. D'Amato's SOLAR BEARS trademark to distributors, retailers, and consumers in the United States.

15. On September 28, 1989, Mr. D'Amato's predecessor in interest, Champion Graphics, Inc., of Ft. Lauderdale, Florida, received United States Copyright Registration No. VAU 163,834 (Exhibit "A") for its silk screen reproductions entitled "SOLAR BEARS – Group 1; Windsurfer, Jet Skier, Fisherbear, Standing Surfer, Balloon Bears."

16. On October 31, 1989, Mr. D'Amato's predecessor in interest, Champion Graphics, Inc., of Ft. Lauderdale, Florida, received United States Copyright Registration No. VAU 166,467 (Exhibit "B") for its silk screen reproductions entitled "Skin Diver Bear, Standing Surfer Bear, Surfing Bear, Family Bears".

17. Commencing at least as early as 1989, Mr. D'Amato and his predecessor in interest, Champion Graphics, Inc., of Ft. Lauderdale, Florida, began engaging in the manufacture, distribution, and sale of clothing products bearing the above identified designs in the state of Florida. Such business activities of Mr. D'Amato and his predecessor in interest have continued without interruption from at least as early as 1989 through the present in the state of Florida and elsewhere in the United States.

18. Upon information and belief, Defendants are not only engaged in the ownership and management of a professional hockey league, but is engaged in the manufacture, embroidery, distribution, and sale of merchandise and clothing products, including but not limited to t-shirts, sweatshirts, hats and polo shirts.

19. Upon information and belief, the Defendants (ECHL and the Orlando Pro Hockey Operations, LP) entered in a membership agreement, wherein the membership agreement provided authorization for the Defendants Orlando Pro Hockey Operations, LP to play in the ECHL. The membership agreement also approved the proposed name SOLAR BEARS, wherein the Defendants did not conduct any research, or public survey on the SOLAR BEAR name.

4

20. Upon information and belief, the use by the Defendants of the mark and design SOLAR BEARS in the manner described in paragraph 8, above began in 2011 and has continued through the present.

21. On September 13, 2011, Defendants filed a federal trademark application under Serial No. 85/421538 for the trademark SOLAR BEARS (and Design) for use in association with clothing goods, namely, hats, visors, t-shirts, shirts, jerseys, sweatshirts, pants and infant clothing, namely, bibs made out of cloth, shirts and one piece outfits in International Class 25, and for the service mark SOLAR BEARS (and Design) for use in association with entertainment services, namely, professional hockey exhibitions in International Class 41.

22. On September 13, 2011, Defendants filed a federal trademark application under Serial No. 85/421579 for the trademark SOLAR BEARS (and Design) for use in association with clothing goods, namely, hats, visors, jerseys, t-shirts, shirts, sweatshirts, and infant wear, namely, bibs made of cloth, t-shirts, shirts, and one piece clothing wear in International Class 25, and for the service mark SOLAR BEARS (and Design) for use in association with entertainment services, namely, professional hockey exhibitions in International Class 41.

23. Defendants' trademark application for the marks SOLAR BEARS (and Design) in connection with clothing products, and Defendants' service mark application for the mark SOLAR BEARS (and Design) in connection with entertainment services, contained false and fraudulent declarations to the effect that Defendants had the exclusive rights to said marks in connection with their products and services, and that no other person or entity had a right, title or interest in the mark.

24. Mr. D'Amato is informed and believes, and on that basis alleges that Defendants either knew of the existence of Mr. D'Amato and his predecessors and its use of the mark SOLAR

BEARS on clothing products prior to filing its trademark and service mark applications, or acted with reckless disregard to the possible existence of products bearing the mark SOLAR BEARS, by failing to conduct any trademark and common law searches as are customarily undertaken by entities or individuals seeking to register trademarks or service marks.

25. Defendants had constructive notice of Mr. D'Amato's rights in the trademark SOLAR BEARS by virtue of Mr. D'Amato's federal copyright registrations identified in paragraphs 13 and 14.

26. Defendants' application for trademark for the mark SOLAR BEARS (and Design) in connection with clothing products was published for opposition in the Official Gazette of the United States Patent and Trademark Office on March 20, 2012, for Serial No. 85/421538. Mr. D'Amato filed a "Notice of Opposition" with the trademark office on July 18, 2012, arguing that Mr. D'Amato and his predecessors in interest had, since at least as early as 1985, continuously engaged in the advertising, manufacture, distribution and sale of items of clothing and apparel bearing Defendants' SOLAR BEARS trademark; that Mr. D'Amato acquired common law trademark rights in its trademark which preceded Defendants' use of its mark by at least twenty six (26) years; and that Mr. D'Amato would be damaged by registrations of Defendants' mark. The trademark opposition proceeding remains pending at this time.

27. Defendants' application for trademark for the mark SOLAR BEARS (and Design) in connection with clothing products was published for opposition on February 21, 2012, for Serial No. 85/421579. Mr. D'Amato filed a "Notice of Opposition" with the trademark office on June 19, 2012, arguing that Mr. D'Amato and its predecessors in interest had, since at least as early as 1985, continuously engaged in the advertising, manufacture, distribution and sale of items of clothing and apparel bearing Defendants' SOLAR BEARS trademark; that Mr. D'Amato

acquired common law trademark rights in its trademark which preceded Defendants' use of its mark by at least twenty six (26) years; and that Mr. D'Amato would be damaged by registrations of Defendant's mark. The trademark opposition proceeding remains pending at this time.

28. Defendants' goods as recited in its application for federal registration are very similar, if not identical to D'AMATO'S PRODUCTS; both are clothing, namely, t-shirts, sweatshirts, hats and polo shirts.

29. Upon information and belief, Defendants' goods are sold in the same channels of trade as D'AMATO'S PRODUCTS.

30. Defendants' service marks, and the mark and design affixed to Defendants' goods, all contain the words SOLAR BEARS.

31. Mr. D'Amato's trademark contains the words SOLAR BEARS.

32. Defendants' trademark SOLAR BEARS is substantially similar, if not strikingly similar to Mr. D'Amato's trademark SOLAR BEARS, as it has been and continues to be used in combination with various designs on clothing.

33. Defendants' trademark SOLAR BEARS (and Design) is substantially similar, if not strikingly similar to Mr. D'Amato's federal copyright registrations identified in paragraphs 9 and 10.

34. Defendants' attempted registration and use of its trademark SOLAR BEARS (and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts is likely to cause confusion, or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of his arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

35. Defendants' attempted registration and use of its service mark for use of mark SOLAR BEARS (and Design) in association with entertainment services, namely professional ice hockey games and exhibitions, is likely to cause confusion, or to create mistake or to deceive in view of Mr. D'Amato's  and his predecessors in interest prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

36. Mr. D'Amato's use of the trademark SOLAR BEARS in association with his predecessors in interest in the state of Florida and elsewhere for more than twenty six (26) years has caused Mr. D'Amato's mark to become uniquely associated with such goods. Defendants' use of the mark SOLAR BEARS (and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts is a false designation, representation or description of goods in interstate commerce, and such falsification has deceived a portion of the purchasing public, and/or has been relied upon by potential purchasers as a substantial reason for buying.

37. By reason of Mr. D'Amato's prior, continuous, and exclusive use of the trademark SOLAR BEARS in association with D'AMATO PRODUCTS, and Mr. D'Amato's lawful ownership of the mark SOLAR BEARS, Mr. D'Amato has rights with respect to the mark superior to any rights of Defendants.

38. Registration to Defendants of the mark SOLAR BEARS (and Design) on the Principal Register, with respect to clothing, namely t-shirts, sweatshirts, hats and polo shirts, will interfere with Mr. D'Amato's enjoyment of its rights in its mark SOLAR BEARS, to Mr. D'Amato's substantial detriment.

39. Registration to Defendants of the service mark SOLAR BEARS (and Design) on the Principal Register, in association with entertainment services, namely professional ice hockey

games and exhibitions, will interfere with Mr. D'Amato's enjoyment of its rights in its mark

SOLAR BEARS, to Mr. D'Amato's substantial detriment.

## COUNT I – FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

40. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 37 of this

Complaint as though fully set forth herein.

41. This is a claim for Federal Common Law Trademark Infringement pursuant to 15 U.S.C.

1125(a).

42. By reason of Mr. D'Amato's continuous and uninterrupted use of the trademark SOLAR

BEARS in commerce from at least as early as 1985 through the present in association with

clothing and apparel, including, t-shirts, sweatshirts and bibs, Mr. D'Amato has acquired a

common law trademark in the name SOLAR BEARS.

43. By reason of Mr. D'Amato's prior, continuous, and exclusive use of the trademark

SOLAR BEARS in association with clothing and apparel, including, t-shirts, sweatshirts and

bibs, and Mr. D'Amato's lawful ownership of the common law trademark SOLAR BEARS; Mr.

D'Amato has rights with respect to the mark superior to any rights of Defendant.

44. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS

(and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts is a

violation of Mr. D'Amato's common law trademark rights, and is likely to cause confusion or to

create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary

and distinctive mark SOLAR BEARS, both standing alone and in combination with various

designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

45. Defendants' attempts at registration and their continuing use of its service mark SOLAR

BEARS (and Design) in association with entertainment services, namely professional ice hockey

9

games and exhibitions, is a violation of Mr. D'Amato's common law trademark rights, and is likely to cause confusion, or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

46. Defendants' acts of common law trademark infringement have been continuing and uninterrupted through the present.

47. As a result of Defendants' acts of common law trademark infringement, Mr. D'Amato demands a preliminary and permanent injunction against Defendants with regard to Defendants' continuing use of the mark SOLAR BEARS (and Design); Mr. D'Amato demands this Court deny registration of marks for Defendants' pending trademark and service mark applications with regard to the mark SOLAR BEARS (and Design) pursuant to 15 U.S.C. § 1121; and Mr. D'Amato further demands all of the damages to which it is entitled pursuant to 15 U.S.C. § 1117, including but not limited to Defendants' profits; Mr. D'Amato's actual damages; treble damages, statutory damages; the costs of this action; and attorney's fees [in view of this being an "exception case", as such term is interpreted under 15 U.S.C. § 1117(a)].

## COUNT II – FEDERAL UNFAIR COMPETITION

48. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

49. This is a claim for damages from Federal Unfair Competition pursuant to 15 U.S.C. § 1125(a).

50. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS (and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts

constitutes a false designation, representation or description of goods in commerce; is an act of

unfair competition under 15 U.S.C. § 1125(a); and is likely to cause confusion, or to create

mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary and

distinctive mark SOLAR BEARS, both standing alone and in combination with various designs

in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

51. Defendants' attempted registration and continuing use of its service mark SOLAR

BEARS (and Design) in association with entertainment services, namely professional ice hockey

games and exhibitions, constitutes a false designation, representation or description of services in

commerce; is an act of unfair competition under 15 U.S.C. § 1125(a); and is likely to cause

confusion, or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership

of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination

with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo

shirts.

52. Defendants' acts of unfair competition have been continuing and uninterrupted through

the present.

53. As a result of Defendants' acts of unfair competition, Mr. D'Amato demands a

preliminary and permanent injunction against Defendants with regard to Defendants' continuing

use of the mark SOLAR BEARS (and Design); and Mr. D'Amato further demands all of the

damages to which it is entitled pursuant to 15 U.S.C. § 1117, including but not limited to

Defendants' profits; Mr. D'Amato's actual damages; treble damages; statutory damages; the

costs of this action; and attorney's fees [in view of this being an "exception case", as such is

interpreted under 15 U.S.C. § 1117(a)].

## COUNT III – FEDERAL TRADEMARK DILUTION

11

54. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

55. This is a claim for Federal Common Law Trademark Dilution pursuant to 15 U.S.C. § 1125(c)

56. By reason of Mr. D'Amato's continuous and uninterrupted use of the trademark SOLAR BEARS in commerce in interstate commerce from at as early as 1985 through the present in association with clothing and apparel, including, t-shirts, sweatshirts and bibs, the trademark SOLAR BEARS has become uniquely associated with Mr. D'Amato's products, and Mr. D'Amato's common law trademark rights have become "famous" as defined in Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(2).

57. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS (and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts constitutes dilution and a violation of the Federal Dilution Act in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

58. Defendants' attempted registration and continuing use of its service mark SOLAR BEARS (and Design) in association with entertainment services, namely professional ice hockey games and exhibitions, constitutes dilution and is a violation of the Federal Dilution Act in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark Solar Bears, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

59. Defendants' acts of dilution have been continuous and uninterrupted through the present.

60. As a result of Defendants' acts of dilution, Mr. D'Amato is entitled to any and all damages available to Mr. D'Amato under Federal law.

## COUNT IV – FEDERAL COPYRIGHT INFRINGEMENT

61. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

62. This is a claim for Federal Copyright Infringement pursuant to 17 U.S.C. § 501 *et seq*.

63. Defendants' design ORLANDO SOLAR BEARS, as it appears on clothing, namely t-shirts, sweatshirts, hats and polo shirts, is substantially similar, if not strikingly similar to Mr. D'Amato's designs on the federal copyright registrations received September 28, 1989, and October 31, 1989.

64. Defendants' use of a design substantially similar (if not strikingly similar) to Mr. D'Amato's trademark SOLAR BEARS has been continuing and uninterrupted through the present.

65. Upon information and belief, Defendant had access to Mr. D'Amato's copyrighted designs prior to Defendants' use of similar designs.

66. Defendants had constructive notice of Mr. D'Amato's copyrights by virtue of Mr. D'Amato's federal copyright registrations identified in paragraphs 58 and 59, above.

67. Defendants' use of its design SOLAR BEARS in all forms is an unauthorized reproduction, adaptation, public distribution, public display, or importation of copyrighted works owned by Mr. D'Amato.

68. Defendants' use of its design SOLAR BEARS in all forms constitutes federal copyright infringement within the meaning of 17 U.S.C. § 501 *et seq*., and accordingly, Mr. D'Amato is entitled to all remedies available at law, including preliminary and permanent injunctive relief;

impoundment and disposition of infringing goods; actual damages and the Defendants' profits; statutory damages, recoupment of attorneys' fees and the costs of this action.

### COUNT V – CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION

69. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

70. Defendants' trademark application for the marks SOLAR BEARS (and Design) in connection with clothing products, and Defendants' service mark application for the marks SOLAR BEARS (and Design) in connection with entertainment services, contained false and fraudulent declarations to the effect that Defendants had the exclusive rights to said marks in connection with their products and services, and that no other person or entity had a right, title or interest in the mark.

71. As a result of the false and fraudulent declarations on Defendants' trademark applications, under 15 U.S.C. § 1120, Defendants' are liable for any damages sustained in consequence thereof.

### COUNT VI – NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

72. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 70 of this Complaint as though fully set forth herein.

73. This is a claim for N.Y. Gen. Bus. § 360(k).

74. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS (and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts is a violation of Mr. D'Amato's common law trademark rights under New York law, and is likely to cause confusion, or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in

14

combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

75. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS (and Design) in association with entertainment services, namely professional ice hockey games and exhibitions, is a violation of Mr. D'Amato's common law trademark rights under New York law, and is likely to cause confusion or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

76. Defendants' acts of New York common law trademark infringement has been continuing and uninterrupted through the present.

77. As a direct and proximate result of Defendants' common law trademark infringement, Mr. D'Amato  has suffered and will continue to suffer loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill.

78. Defendants' common law trademark infringement will cause further irreparable harm if Defendants are not restrained by this Court from further violation of Mr. D'Amato's rights. Mr. D'Amato has no adequate remedy at law for all of the harm being caused to it, particularly in respect of the loss of Mr. D'Amato's goodwill and market share being usurped by Defendants.

79. Mr. D'Amato is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants from current and future infringement of Mr. D'Amato's common law trademark rights in the mark SOLAR BEARS and allowing seizure and destruction of Defendants' infringing goods, a bar on Defendants' marketing and sales activities involving

the infringing goods, and such other injunctive relief as the Court deems just and proper to

restrain Defendants' infringing activities. Mr. D'Amato further seeks and is entitled to

Defendants' profits as well as other pecuniary damages and costs sustained by Mr. D'Amato as a

result of Defendants' blatant infringement and related misconduct. Mr. D'Amato is also entitled

to recovery of attorneys' fees as a result of Defendants' willful and intentional infringement of

Mr. D'Amato's common law trademark rights. Defendants acted with knowledge of Mr.

D'Amato's rights and intended to infringe the mark SOLAR BEARS  and cause confusion

amongst consumers as to connection with, and otherwise in respect of, the mark SOLAR

BEARS.

### COUNT VII – NEW YORK COMMON LAW UNFAIR COMPETITION

80. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 78 of this

Complaint as though fully set forth herein.

81. Defendants' attempted registration and continuing use of its trademark SOLAR BEARS

(and Design) in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts

constitutes a false designation, representation or description of goods in commerce; constitutes a

violation of Unfair Competition in the State of New York, and is likely to cause confusion, or to

create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary

and distinctive mark SOLAR BEARS, both standing alone and in combination with various

designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

82. Defendants' attempted registration and continuing use of its service mark SOLAR

BEARS (and Design) in association with entertainment services, namely professional ice hockey

games and exhibitions, constitutes a false designation, representation or description of services in

commerce; constitutes a violation of Unfair Competition in the State of New York; and is likely

to cause confusion, or to create mistake or to deceive in view of Mr. D'Amato's prior use and ownership of its arbitrary and distinctive mark SOLAR BEARS, both standing alone and in combination with various designs in association with clothing, namely t-shirts, sweatshirts, hats and polo shirts.

83. Based on Defendants' unlawful use of Mr. D'Amato's SOLAR BEARS mark and related misconduct, Defendant has engaged, and continues to engage, in unfair competition and unlawful appropriation of Mr. D'Amato's customers, market share, sales, revenues, profits, income, goodwill and other business value.

84. As a proximate result of Defendants' unfair competition, Mr. D'Amato has suffered pecuniary damage, loss of goodwill, and other damages.

85. In addition, Defendants' unfair competition will cause further irreparable harm if Defendants are not restrained by this Court from further violation of Mr. D'Amato's rights. Mr. D'Amato has no adequate remedy at law for all of the harm being caused to it, particularly in respect of the loss of Mr. D'Amato's goodwill and market share being usurped by Defendants.

86. Mr. D'Amato is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants' unfair competition, including without limitation all of Defendants' business activities in which Defendant's use Mr. D'Amato's SOLAR BEARS mark.

## **COUNT VIII – FRAUDULENT REGISTRATION**

87. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

88. This claim for damages from N.Y. Gen. Bus. § 360(j).

89. Defendants' trademark application for the marks SOLAR BEARS (and Design) in connection with clothing products, and Defendants' service mark application for the marks

17

SOLAR BEARS (and Design) in connection with entertainment services, contained false and fraudulent declarations to the effect that Defendants had the exclusive rights to said marks in connection with their products and services, and that no other person or entity had a right, title or interest in the mark.

90. As a result of the false and fraudulent declarations on Defendants' trademark applications, Mr. D'Amato is entitled to recover all damages sustained in consequence of such filing or registration.

### COUNT IX – VIOLATION OF THE NEW YORK DILUTION STATUTE

91. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

92. Defendants' adoption, use, and attempts at federal registration of the ORLANDO SOLAR BEARS marks in all forms and for all purposes constitute a violation of the New York Dilution Statute.

93. Mr. D'Amato demands all damages including, injunctive relief to which he is entitled pursuant to the New York Dilution Statute and related New York laws.


### COUNT X – VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES

94. Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 92 of this Complaint as though fully set forth herein.

95. This is a claim for damages from violation of the N.Y. Gen. Bus. § 349.

96. Defendants' adoption, use, and attempts at federal registration of the ORLANDO SOLAR BEARS marks in all forms and for all purposes intent to: deceive or mislead the public,

deceive or mislead the public as to the identity of such mark, and/or deceive or mislead the public as to the true address or location of such mark.

97. Mr. D'Amato demands all damages, including injunctive relief to which he is entitled pursuant to the New York Deceptive Trade Practices statute.

## <u>COUNT XVI – DECLARATORY RELIEF</u>

98.    Mr. D'Amato realleges and incorporates by reference Paragraphs 1 through 96 of this Complaint as though fully set forth herein.

99.    An actual controversy has arisen and now exists between Mr. D'Amato and Defendants concerning their rights and duties toward each other and, in particular, in respect of the rights in and to the trademarks and applications identified above. Among other things, Mr. D'Amato claims it owns the priority and exclusive rights in and to the subject trademarks in the market for clothing and apparel generally and specifically clothing and apparel, including, t-shirts, sweatshirts and bibs, while Defendants' claim identical or similar rights, the trademark SOLAR BEARS has become uniquely associated with Mr. D'Amato's products.

100.    Mr. D'Amato desires and requests a judicial determination of said rights and duties, including findings that: (a) Mr. D'Amato owns the priority and exclusive rights in and to the subject trademarks and applications in the market for clothing and apparel generally and specifically for clothing and apparel, including, t-shirts, sweatshirts and bibs; and (b) Defendants do not have any rights in and to the subject trademarks and applications.

101.    A judicial determination of these issues at this time will prevent a multiplicity of actions to adjudicate the same or related issues, and will result in the most efficient and equitable resolution of this dispute and the parties' rights and duties regarding the matters at issue in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Mr. D'Amato prays for a judgment, declarations, and other relief as follows:

1.      That the Court find that the actions of the Defendants are in violation of Mr. D'Amato's common law trademark rights; that Mr. D'Amato is entitled to an Order rejecting Defendants' attempted trademark registration for its clothing products; and that Mr. D'Amato be awarded damages pursuant to 15 U.S.C. 1125(a) and 15 U.S.C. 1117 (including attorneys' fees);

2.      That the Court find that the actions of the Defendants are in violation of Federal Unfair Competition Law; that Mr. D'Amato is entitled to an Order rejecting Defendants' attempted trademark registration for its clothing products and that Mr. D'Amato be awarded damages pursuant to 15 U.S.C. 1125(a) and 15 U.S.C. 1117 (including attorneys' fees);

3.      That the Court find that Mr. D'Amato is entitled to a preliminary and permanent injunctive relief against Defendants restraining and enjoining Defendants and each of them, and each of their respective agents, officers, directors, servants, and employees, and all persons acting under, in concert, or for them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, or offering for sale and/or selling any materials that are substantially similar to Mr. D'Amato's copyrighted work;

4.      That the Court find that the action of the Defendants are in violation of the Federal Dilution Statute;

5.      That the Court find that Mr. D'Amato is entitled to cancellation of Defendants' federally registered trademarks for its entertainment services;

6.      That the Court find that the Defendants have infringed Mr. D'Amato's copyrights;

7.      That the Court find that the Defendants have committed acts of New York common law trademark infringement;

8.      That the Court find that the Defendants have committed acts of New York common law unfair competition;

9.      That the Court find that the Defendants have committed acts of Fraudulent Registration;

10.     That the Court find that the Defendants have committed acts in violation of New York's Dilution Statute;

11.     That the Court find that the Defendants have committed action in violation of New York's Deception Trade Practices, and

12.     That the Court award Mr. D'Amato all damages to which he is legally entitled, and such other and further relief as may be just and proper.

Dated: June 19, 2013                          Respectfully submitted,


                                    By: _____s/David W. Kloss_____
                                          David W. Kloss, Esq.
                                          KLOSS, STENGER & LOTEMPIO
                                          *Attorneys for Plaintiff,*
                                          *David D'Amato an individual and successor in*
                                          *interest in Champion Graphics, Inc.*
                                          69 Delaware Avenue, Suite 1003
                                          Buffalo, New York 14202
                                          Telephone: (716) 853-1111
                                          Email: dwkloss@klosslaw.com

                                          Philip Abramowitz, Esq.
                                          KLOSS, STENGER & LOTEMPIO
                                          69 Delaware Avenue, Suite 1003
                                          Buffalo, New York 14202
                                          Telephone: (716) 853-1111
                                          Email: office@klosslaw.com