UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID D'AMATO,

    Plaintiff,

v.                                            Case No:   6:15-cv-826-Orl-40TBS

ECHL, INC., ORLANDO PRO HOCKEY
OPERATIONS, LP, JASON SIEGEL,
BOB OHRABLO and JOE HALESKI,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Compel Answers to Interrogatories and Response to Second Request for Production (Doc. 72), and Defendants' Motion to Deem Requests for Admission Admitted (Doc. 73).   Plaintiff has failed to respond to the motions and the time within to do so has expired.   Accordingly, the Court considers the motions to be unopposed.   Daisy, Inc v. Pollo Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015); PNC Bank N.A. v. Lucmaur, LLC, No. 6:14-cv-248-Orl-37KRS, 2015 WL 1020604, at *1 (M.D. Fla. Mar. 9, 2015); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012); Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").

Defendant Orlando Pro Hockey Operations, LP served its first set of interrogatories on Plaintiff David D'Amato by registered email on June 21, 2015, and by U.S. Mail on June 22 (Doc. 72 at 2). Federal Rule of Civil Procedure 33 provides for the service by any party on any other party, of written interrogatories pertaining to matters within the scope of FED. R. CIV. P. 26(b). The party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections. FED. R. CIV. P. 33(b). If the party propounding the interrogatories does not receive a response, then it may request an order compelling disclosure. FED. R. CIV. P. 37(a). Plaintiff having failed to respond to the interrogatories, the motion to compel is **GRANTED**. Plaintiff shall answer the interrogatories in full **within 10 days from the rendition of this Order**.

Defendants served their second request for the production of documents on Plaintiff by registered email on June 24, 2015 and by U.S. Mail on June 25 (Doc. 72 at 2). Plaintiff has not responded to this discovery (Id.). Federal Rule of Civil Procedure 34 supplies the procedure for obtaining the production of documents and things in another party's "possession, custody, or control." FED. R. CIV. P. 34(a)(1). A request to produce must include a reasonably particular description of the items to be inspected; specify a reasonable time and place for the inspection and related acts; and specify the form(s) in which electronically stored information should be produced. FED. R. CIV. P. 34(b)(1). The recipient of the request has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). In its response, the recipient must state that inspection and related activities will be permitted or object and include the reasons for the objections. FED. R. CIV. P. 34(b)(2)(B). Plaintiff having failed to respond to the requests for production, the motion to compel is **GRANTED**. Plaintiff shall produce all of the requested documents to Defendants **within 10 days from the rendition of this Order**.

Defendants served requests for admissions on Plaintiff by registered email on June 24, 2015 and by U.S. Mail on June 25, 2015 (Doc. 73 at 2). Federal Rule of Civil Procedure 36 provides for the service of requests for admissions by a party on any other party. Requests for admissions ask a party to admit, "for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Requests are deemed "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Because Plaintiff has failed to respond to the requests for admissions, the motion to deem them admitted is **GRANTED**. Defendants' requests for admissions numbered 1 through 21 are deemed admitted for purposes of this action.

Before a party moves to compel discovery, it is expected to confer with the party that has failed to provide discovery, in a good faith effort to obtain the discovery without the necessity of a motion to compel. FED. R. CIV. P. 37(a)(1); M.D. FLA. R. 3.01(g). If a good faith attempt is made and the discovery still is not forthcoming, then, if the court grants a motion to compel, or the discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

The motion to compel answers to the interrogatories and requests for production was filed on July 30, 2015 (Doc. 72). Counsel for Defendants has certified that he made a good faith effort to confer with Plaintiff by telephone on July 29 and 30, but received only Plaintiff's voice mail (Id., at 11). Counsel also certifies that he made a good faith effort to confer with Plaintiff by email on July 30, but received no response (Id.).[1] Finally, counsel certified that he would continue attempting to contact Plaintiff and supplement the motion with Plaintiff's position should the parties confer. No supplement has been filed, which indicates that Plaintiff never responded to counsel for Defendants. This is sufficient to comply with FED. R. CIV. P. 37(a)(1).

None of the exceptions in FED. R. CIV. P. 37(a)(5)(A) apply, and Plaintiff has not taken advantage of his opportunity to respond to the motion to compel. Accordingly, the Court finds that Defendants are entitled to the legal expenses incurred to bring their motion to compel. Based upon its own knowledge of legal fees for comparable services in this community, the Court finds that Defendants are entitled to $1,200 in attorney's fees for the prosecution of the motion to compel. The sum of $1,200 is now taxed against Plaintiff. Defendants do not currently seek an award of legal expenses in connection with their motion to deem their requests for admissions admitted (Doc. 73).[2]

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2015.

THOMAS B. SMITH
United States Magistrate Judge

---

[1] Counsel for Defendants made the same certification in the Motion to Deem Requests for Admission Admitted. (Doc. 73 at 4-5).

[2] For the taxation of legal expenses in connection with requests for admissions, see FED. R. CIV. P. 37(c)(2).

- 5 -

Copies furnished to:

    Counsel of Record
    Unrepresented Parties